UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW RITCHSON, | No. 2:15-cv-1459-EFB |
| Plaintiff, | |
| v. | ORDER |
| JOHN ROSS ENTERPRISES, INC., et al., | |
| Defendants. | |

Pending before the court is non-party New Hampshire Insurance Company's ("New Hampshire") motion to intervene in this action pursuant to Federal Rule of Civil Procedure 24 and the court's February 4, 2016 order to show cause why plaintiff and defendants should not be sanctioned for failure to file either an opposition brief or statement of non-opposition to New Hampshire's motion.[1] *See* E.D. Cal. L.R. 230. For the following reasons, New Hampshire's motion to intervene is granted[2] and the order to show cause is discharged as to defendant Neubauer-Jennison, Inc. ("Neubauer").

---

[1] This case is before the undersigned pursuant to the parties' consent. ECF No. 18. New Hampshire has also consented to this matter proceeding before the undersigned. ECF No. 32.

[2] Because the court determined that oral argument would not be of material assistance to the court, the motion was submitted without appearance and without argument pursuant to Eastern District of California Local Rule 230(g).

1

1    New Hampshire filed its motion to intervene in this action, which it noticed for hearing on February 10, 2016. ECF Nos. 22, 24. Pursuant to Local Rule 230(c), the parties were required to file an opposition or statement of non-opposition to the motion no later than fourteen days preceding the noticed hearing date or, in this instance, by January 27, 2016. The parties herein filed neither.

Accordingly, the hearing on the motion was continued to March 2, 2016, and the parties were ordered to show cause, no later than February 17, 2016, why sanctions should not be imposed for failure to respond to New Hampshire's motion. ECF No. 25. That order also directed the parties to file either an opposition or statement of non-opposition by February 17, 2016. All parties have since filed a statement of non-opposition to New Hampshire's motion to intervene. ECF Nos. 26, 28, 29. Only defendant Neubauer responded to the court's order to show cause why sanctions should not be imposed.

In light of the parties' statements of non-opposition, and for the reasons articulated in New Hampshire's moving papers, the court grant's New Hampshire's motion to intervene.

As for the order to show cause, Maria S. Rosenfeld, counsel for defendant Neubauer, acknowledged that she should have filed a statement of non-opposition in the time prescribed by Local Rule 230(c). Declaration of Maria S. Rosenfeld, ECF No. 27 ¶ 27. Counsel explains that at the pretrial scheduling conference, which was held on December 16, 2015, the parties notified the court that they anticipated New Hampshire moving to intervene in this action, and that under the circumstances counsel "was operating under the erroneous assumption that since no counsel voiced objection to the anticipated intervention at the pre-trial scheduling hearing, it was understood by the Court that there would be no formal or other opposition to the motion seeking leave for intervention by New Hampshire . . . ." *Id*.

Although the possibility of a forthcoming motion to intervene was discussed at the scheduling conference, the parties did not specifically indicate that such a motion would be unopposed. Nor did the parties submit a written stipulation and proposed order for granting the motion. Regardless, given that defendant Neubauer timely responded to the court's order to show

/////

cause, and in light of counsel's representations, the order to show cause is discharged as to defendant Neubauer and no sanctions will be imposed against this defendant.

So Ordered.

DATED: March 11, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE